CAROLINE M. BOYLE

*v.*

GEORGE JOHNSON.

[Decided July 24th, 1912.]

Where a brick building erected on leased premises by a tenant is a fixture and not removable by the tenant during his term, then the opening of a passageway through the closed wall onto adjoining premises without the landlord's consent would constitute waste, restrainable by injunction; but, if the entire building is removable, the landlord's right to injunction against the opening of a passage through the wall is so doubtful that the question would not be decided until final hearing.

----

On application for preliminary injunction.

*Mr. Joseph R. Woodruff,* for the complainant.

*Mr. Andrew Van Blarcom,* for the defendant.

EMERY, V. C.

The bill is by a landlord to restrain a tenant from making an opening in the wall of a brick building on the leased premises for the purpose of a doorway or passageway into a building on an adjoining lot, which has been leased by the tenant and upon which he has erected or intends to erect a building. The brick building on complainant's lot, as appears by the answer and affidavits in reply, was erected thereon by defendant, on the leased premises, and at the rear of a frame building on the leased property. The frame building was used for a café and restaurant and the brick addition was erected for use in connection with the business.

On the answer and the affidavits submitted by defendant and by complainant, a fair question of fact is raised as to whether the brick building is a fixture on the premises leased and not removable by the tenant during his term, which ends April 1st, 1913. If not removable, and the brick building as it stands is to be considered as part of the premises leased, then the opening of the passageway through the closed wall would seem, on the authorities, to be a waste, restrainable by injunction. *Klie* v. *Von Broock (Vice-Chancellor Pitney, 1897), 56 N. J. Eq. (11 Dick.) 18, 31, 32.* If, however, the entire building is removable, the right to injunction against now destroying part of it would seem to be at least so doubtful that the question of right should not be decided before final hearing. The rule as to relative inconvenience of granting or withholding injunction pending suit, favors the defendant. Pending final hearing, the rights of complainant can be protected by fixing conditions of refusing injunction, and such injunction will be denied, provided defendant will give bond—*first,* not to remove pending suit any portion of the brick building except for the purpose of the passageway, and *second,* to abide by and perform such order or decree as to closing up the passage and restoring the building to its present condition as may be made by the court.

The bond to be with surety, if required, and terms to be settled.